IN RE ESTATE OF JOHN C. P. ROBB, Minor, Appellant, v. EDGAR J. ROBB, Guardian.

**Guardian and ward:** SETTLEMENT: BURDEN OF PROOF: EVIDENCE. A guardian who claims a settlement with his ward after he has become of age has the burden of proof on that issue. Evidence reviewed and held to sustain the burden.

*Appeal from Marshall District Court.*— HON, G. W. BURNHAM, Judge.

TUESDAY, MAY 7, 1907.

TRIAL on objections to a guardian's report. The objections were overruled, and the guardian discharged. The ward appeals.— *Affirmed.*

*Boardman & Lawrence,* for appellant.

*Theo. F. Bradford,* for appellee.

SHERWIN, J.— In October, 1894, Edgar J. Robb, the appellee herein, was appointed the guardian of his minor brother, John C. P. Robb, and duly qualified as such. In

November of the same year, he received from the sale of real estate belonging to his ward a little over $600. He made no report from the time of his qualifications as guardian until the latter part of May, 1904, when he filed a report in answer to a citation requiring him to do so. To the report then filed, the ward filed exceptions, and upon such exceptions a trial was had which terminated in the report being sustained. There is no material difference between the parties as to the amount for which the guardian should account, if he is now liable to account for anything. The controversy in the case arises over the question of whether there was a settlement of guardianship matters with the ward after he became of age, and such controversy presents a question of fact only. Some time before the ward became of age, he and his guardian entered into the restaurant business as equal partners, and continued therein for a term of not quite one year. The partnership was then dissolved; the ward retiring from the firm. At about that time, the exact date not being material, certain real estate was bought by the appellee, and the title thereto placed in the name of his ward, and the appellee claims that the property was paid for by him from his own funds, conveyed to the appellant in settlement of his guardianship accounts and in settlement of the partnership accounts between them. The appellant, on the other hand, contends that he received the property as his portion of the earnings of the restaurant business during the existence of the partnership, and that the amount due him from the appellee as his guardian has never been paid or in any way settled.

The burden of proof is upon the appellee to prove the settlement claimed by him, and while the evidence before us, aside from the statement of the two parties, is not very direct or explicit, we are inclined to the view that the judgment of the trial court, who had an opportunity to see and hear the witnesses, should not be disturbed. The parties themselves are in direct conflict on the question; but there is

evidence of two witnesses tending to show that the settlement was in fact made as contended by the appellee. The strongest circumstance against the settlement is the fact that, subsequent to the time when it is alleged to have been made, the appellee filed a voluntary petition of bankruptcy under oath, in which he alleged that he owed his ward $1,000. If this statement were unexplained, it should be held, as a matter of law, that the appellee cannot now assail the truthfulness or the correctness of that statement, for a solemn declaration of that nature should estop the declarant in future judicial proceedings; but, in the instant case, the appellee gives a reasonable excuse for making the allegation in his petition in bankruptcy. He says that, at the time of the settlement with his ward, he neglected to take a written receipt or discharge, and that, after the settlement, and before he filed his petition in bankruptcy, his ward refused to execute a receipt, and claimed that there had been in fact no settlement of his guardianship accounts. Giving to the finding of the trial court the weight to which it is entitled, because of the court's opportunity to see and to hear the witnesses, and from our own examination of the record, we reach the conclusion that the judgment should be *affirmed*.